Dear Mr. Hollingsworth:
This office is in receipt of your request for reconsideration of Atty. Gen. Op. No. 94-450 in regard to who can provide assessment, treatment and educational service for alcohol and drug dependency. You had stated you felt that several individuals without proper credentials nor supervision were operating D.W.I. related services that should only be provided by a Board Certified Substance Abuse Counselor. You now feel you had not clarified your concern specifically and ask if individuals who are providing Alcoholism Counseling Services who are not under appropriate supervision or direction and not credentialed by the state are in violation of R.S. 37:3381.
We had recognized under R.S. 37:3382 that "no person shall hold himself out as a substance abuse counselor unless he has been certified as such under the provisions of this Chapter", but quoted R.S. 37:3381 which declares nothing in the Chapter shall prevent the practice, services or activities of any person licensed or certified in this state by any other law from engaging in the profession for which he is certified, or "as prohibiting other licensed professionals, including members of the clergy and Christian Science practitioners, from the delivery of medical, psychotherapeutic counseling, social work, psychological, or educations services to substance abusers and their families", or prohibiting the activities of any person employed or supervised by a qualified professional. Atty. Gen. Op. No. 92-111 was cited wherein it was found those classes of persons listed in R.S. 37:3381 are not covered by the Act and "obviously need not be certified" in order to be administrative personnel. We then stated persons falling within these categories would not need to be certified, and whether an individual falls within this category is a factual question about which we cannot make a determination.
Unless a person falls within one of these categories that need not be certified, they would be in violation of the provision that no person shall hold himself out as a substance abuse counselor unless he has been certified. However, it appears the statute contains various exceptions for those who are not prevented from activity that may amount to substance abuse counseling if they are otherwise licensed in a profession which may have some relationship to the counseling.
It seems the question to be considered is whether or not these individuals are otherwise licensed professionals that may be engaged in psychotherapeutic counseling or educational services relative to their licensed profession that may in some way pertain to Alcoholism Counseling Services although not credentialed substance abuse counselors. If they are not licensed in some connected profession, these individuals are in violation of R.S. 37:3381.
We hope this further explanation sufficiently answers your question.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR